UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

THEODOSHA LOVE,                               CASE NO.:

       Plaintiff,

vs.

EDLYN HEALTHCARE SERVICES,
INC., a Georgia Profit Corporation, and
MAUDLYN E. AKARUE, Individually,

       Defendants.                /

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, THEODOSHA LOVE ("Plaintiff"), through undersigned counsel, files this Complaint against Defendants, EDLYN HEALTHCARE SERVICES, a Georgia Profit Corporation ("EHS") and MAUDLYN E. AKARUE ("AKARUE"), Individually (collectively "Defendants") and states as follows:

## JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act ("FLSA"), as amended 29 U.S.C. §201, et seq., to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

3. This Court has the authority to grant declaratory relief pursuant to the FLSA and the federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

4. At all times material to this action, Plaintiff was a resident of Gwinnett County, Georgia.

5. At all times material to this action, EHS was, and continues to be a Georgia Profit Corporation. Further, at all times material hereto, EHS was, and continues to be, engaged in business in Georgia, doing business in Gwinnett County.

6. At all times material to this action, Defendant AKARUE was an individual resident of the State of Georgia, who owned and/or operated EHS and who regularly exercised the authority to (a) hire and fire employees of EHS; (b) determine the work schedules for the employees of EHS; and (c) control the finances and operations of EHS.

7. At all times material to this action, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

8. At all times material to this action, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

9. At all times material to this action, Defendants were Plaintiff's "employers" within the meaning of the FLSA.

10. Defendants were, and continue to be, "employers" within the meaning of the FLSA.

11. At all times material to this action, Defendant EHS was, and continues to be, an "enterprise engaged in commerce" and an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

12. At all times material to this action, Defendant EHS was,

and continues to be, an institution primarily engaged in the care of the sick, the aged, or the mentally ill or mentally retarded who live on the premises.

13. At all times material to this action, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

14. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

15. On or about October 2011, Defendants hired Plaintiff to work as an hourly-paid non-exempt "direct care staff" working for Defendants' company, a group home. In mid-2013, Defendants changed Plaintiff's compensation from an hourly rate to a daily rate.

16. Plaintiff's job duties included, but were not limited to, assisting residents with the activities of daily living.

17. At various times material hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a workweek.

18. From at least October 2011, and continuing through the present, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single workweek.

19. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per workweek, as required by the FLSA.

20. Upon information and belief, Defendants are in possession of the

majority of Plaintiff's pay and time records.

21. Defendants have violated Title 29 U.S.C. §207 from at least October 2011, and continuing through the present, in that:

    a. Plaintiff worked in excess of forty (40) hours per workweek for the period of employment with Defendants;

    b. No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per workweek, as provided by the FLSA; and

    c. Defendants have failed to maintain proper time records as mandated by the FLSA;

22. Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful.

23. Defendants failed and/or refused to properly disclose or apprise Plaintiff of her rights under the FLSA.

24. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

25. Plaintiff re-alleges paragraphs 1 through 24 of the Complaint, as if fully set forth herein.

26. From at least October 2011, and continuing through present, Plaintiff

worked in excess of forty (40) hours per workweek for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

27. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours in a workweek.

28. At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

29. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per workweek when they knew, or should have known, such was, and is, due.

30. Defendants failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

31. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

32. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff requests a judgment entered in her favor and against Defendants for actual and liquidated damages, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## COUNT II
## DECLARATORY RELIEF

33. Plaintiff re-alleges all allegations contained within Paragraphs 1-24 above.

34. Plaintiff and Defendants have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331, as a federal question exists.

35. The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. §§ 2201-2202.

36. Plaintiff may obtain declaratory relief.

37. Defendants employed and currently employ Plaintiff.

38. Defendant EHS is an enterprise engaged in providing care to disabled adults.

39. Plaintiff was individually covered by the FLSA.

40. Plaintiff is entitled to overtime compensation pursuant to 29 U.S.C. §207(a)(1).

41. Defendants did not keep accurate time records pursuant to 29 U.S.C. §211(c) and 29 C.F.R. Part 516.

42. Defendants did not rely on a good faith defense in their failure to abide by the provisions of the FLSA.

43. Plaintiff is entitled to an equal amount of liquidated damages.

44. It is in the public interest to have these declarations of rights recorded.

45. Plaintiff's declaratory judgment action serves the useful purpose of

clarifying and settling the legal relations at issue.

46.  The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

    a. Declaring, pursuant to 28 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per workweek;

    c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    d. Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e. Awarding Plaintiff pre-judgment interest;

    f. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated:

        Respectfully submitted,

        */s/ Todd K. Maziar*
        Todd K. Maziar, Esquire
        GA Bar No.: 479860
        MORGAN & MORGAN, P.A.
        P.O. Box 57007
        Atlanta, GA 30303
        Tel: 404-965-8875
        Fax: 404-965-8812
        E-mail: tmaziar@forthepeople.com

        Trial Counsel for Plaintiff